IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| v. | * | Criminal No. JKB-16-0012 |
| ISHIA BIFF CASON | * | |
| Defendant | * | |

\*\*\*

## MEMORANDUM AND ORDER

Now pending before the Court is the Defendant's letter to the undersigned dated February 27, 2024 (ECF No. 202). The Court treats the filing as a motion to reconsider the sentence imposed on the Defendant on February 9, 2024, upon the finding that she had violated the terms and conditions of her supervised release. Alternatively, the Court treats it as a request to withdraw her admission that she had violated supervised release. Either way, the motion will be DENIED.

First, the Court questions whether it retains jurisdiction over the Defendant in light of her NOTICE OF APPEAL (ECF No. 196). Second, the Defendant is represented by counsel and the Court does not permit so-called "hybrid" representation wherein both counsel and the Defendant make motions and attempt to speak for the Defendant in Court. So long as the Defendant is represented by counsel, all submissions on her behalf should be made by that counsel, with the only exception being any motion to discharge counsel. Third, the Defendant's request of the Court may be best interpreted as one presented pursuant to Rule 35, Federal Rules of Criminal Procedure; but, while the Defendant seeks a reduction, she has failed to demonstrate an "arithmetical, technical, or other clear error" in the sentence imposed. Rule 35(a), Federal Rules of Criminal Procedure. Fourth, ignoring the points made above and assuming for purposes of this motion that

the Defendant is allowed to make her motion in this manner and at this time, the Court is unmoved by the Defendant's argument. The Court understands that the sentence imposed after the violation will impose hardship on the Defendant and her family. But the Court remains convinced that the sentence imposed is the appropriate consequence for the Defendant's actions while she was under supervision.

Last, the Court notes that the Defendant's letter may also constitute a request to withdraw her admission to the Violation Notice that resulted in her new sentence. To the extent that the Defendant wishes to withdraw her admission, the Court finds that she is barred from doing so under Rule 11(e), Federal Rules of Criminal Procedure, as a sentence has now been imposed, and her only avenues to relief now are direct appeal or collateral attack.

Upon the foregoing, the Defendant's motion (ECF No. 202) is DENIED.

Dated this **29** day of February, 2024.

BY THE COURT:

_____
James K. Bredar
Chief Judge